IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

GALVESTON DIVISION

| | | |
|---|---|---|
| BARBARA GORDON | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. G-06-215 |
| | § | |
| CITY OF GALVESTON | § | |

## OPINION AND ORDER

Before the Court is the "Motion for Summary Judgment" of the City of Galveston; the Motion seeks the complete dismissal of the "Employment Discrimination Complaint" of Plaintiff, Barbara Gordon.  At the tardy request of her attorney, Gordon was given until January 19, 2007, to decide whether to file, and to file, a response.  To date, no response has been filed.  Having now carefully considered the City's Motion the Court issues this Opinion and Order.

Since Gordon's interest in pursuing this lawsuit seems to have waned, the Court sees no need to delay its demise with a lengthy opinion.  It will suffice to say that Gordon, a black female over the age of 45 employed by the City as a Parks and Recreational Supervisor, filed her complaint claiming that she had been discriminated against on the basis of her race, sex and age when she was denied a promotion and retaliated against on the basis of her EEOC complaint when she was later fired.

Of course, even though Gordon has entirely failed to file a response to the City's Motion, this Court cannot simply grant a summary judgment by default.  Eversley v. Mbank Dallas, 843 F.2d 172, 174 (5th Cir. 1988)   The Court can, however, accept the City's unchallenged evidence as undisputed and grant the Motion if that undisputed evidence constitutes a *prima facie* showing of the City's entitlement to summary judgment.  C.F. Dahlberg & Co. v. Chevron USA, 836 F.2d

915, 919 (5th Cir. 1988)   In the present posture of the instant case, the City has shown just such an entitlement.

At her deposition Gordon explicitly testified that neither her race nor her sex nor her age had anything to do with the denial of the promotion.  As to the retaliation claim, Gordon's failure to respond to the Motion leaves the City's unchallenged evidence that she was terminated for falsifying her time-sheets  and skipping work establishes an undisputed legitimate non-discriminatory reason for her termination.  Accordingly, the City is entitled to judgment as a matter of law.

It is, therefore, **ORDERED** that the "Motion for Summary Judgment" (Instrument no. 16) of the City of Galveston is **GRANTED** and all claims asserted by Plaintiff, Barbara Gordon, in her "Employment Discrimination Complaint" are **DISMISSED with prejudice**.

**DONE** at Galveston, Texas, this _____29th_____ day of January, 2007.

_____
John R. Froeschner
United States Magistrate Judge